```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

JOHN W. MILLER,                )
                               )
          Plaintiff,           )
                               )
     v.                        )     No. 11 C 6300
                               )
ROOSEVELT UNIVERSITY,          )
                               )
          Defendant.           )

## MEMORANDUM ORDER

Roosevelt University ("Roosevelt") has both (1) filed its Answer and Affirmative Defense ("AD") to the Third Amended Complaint ("TAC") filed by appointed counsel on behalf of plaintiff John Miller ("Miller") and (2) noticed up for presentment on August 1 its motion to strike the TAC's prayer for damages under Title III of the Americans With Disabilities Act. This memorandum order is issued sua sponte both (a) because of one problematic aspect of Roosevelt's Answer and (b) to alert Miller's appointed counsel to another subject that he should be prepared to discuss at the August 1 presentment date.

As for the former, Miller has coupled several proper invocations of the disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5) (see Answer ¶¶4, 5, 9 and 30) with the gratuitous addition, in each instance, of the language "and, therefore, denies the same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an

allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

As for the second purpose of this memorandum order, Roosevelt's AD asserts that TAC Counts I and II are barred by limitations. Both sides' counsel should be prepared to discuss that subject in addition to Roosevelt's motion to strike on August 1.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 23, 2012

2