```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

JOHN W. MILLER,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     No.  11 C 6300
                                   )
ROOSEVELT UNIVERSITY,              )
                                   )
          Defendant.               )
```

MEMORANDUM ORDER

In this action brought by John Miller ("Miller") against Roosevelt University ("Roosevelt") under the Americans With Disabilities Act ("ADA"), Roosevelt has targeted Miller's Third Amended Complaint ("TAC") in part by moving to strike the TAC's prayer for damages under Title III of that statute. Roosevelt simply states:

> Under claims brought by private parties under Title III of the ADA, monetary damages are not available; relief for such claims is limited to injunctive relief. 42 U.S.C. §12188(a)(1).

Miller's counsel has responded by (1) pointing to the Fed. R. Civ. P. 7(b)(1)(B) requirement that a motion must "state with particularity the grounds for seeking the order" and (2) claiming that the quoted language does not satisfy that requirements.

That is really disingenuous. For one thing, the cited statute, with its incorporation by reference of the remedies available under Title II of the Civil Rights Act of 1964, calls for the result sought by Roosevelt. Moreover, Miller's counsel himself acknowledges that his "research has disclosed several

cases that do hold that damages cannot be recovered under Title III of the ADA."

It is true that much of the caselaw that this Court has seen comes from District Courts, whose decisions do not have precedential force. But it took this Court only about three minutes to locate a thoughtful Court of Appeals opinion that expressly rejected the availability to a private plaintiff of a damages remedy--see Goodwin v. C.M.J., Inc., 436 F.3d 44, 49-50 (1st Cir. 2006), referring to five other Courts of Appeals that have reached the same conclusion.

Although our own Court of Appeals is not within that group (apparently it has not had the occasion to consider the subject), Miller's counsel has not pointed to a single case (let alone one that has precedential force) that goes the other way. Accordingly Roosevelt's motion to strike Miller's prayer for damages under Title III of the ADA is granted.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 21, 2012